1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**

7                       **EASTERN DISTRICT OF CALIFORNIA**

8

9    **LASHAWN BAREFIELD,**               )      **CIV-F-05-0633 AWI TAG**
                                          )
10                  **Plaintiff,**         )      **ORDER RE: MOTION FOR**
                                          )      **RECONSIDERATION**
11        **v.**                          )
                                          )
12   **THE BOARD OF TRUSTEES OF**          )
     **THE CALIFORNIA STATE**             )
13   **UNIVERSITY, BAKERSFIELD, JIM**      )
     **GEORGE, DIANE HENDRICKSON,**        )
14   **MARK MURIE, DOES 1 through 50,**    )
     **inclusive,,**                      )
15                                        )
                    **Defendants.**        )
16   _____ )

17

18         Defendants have made a motion to reconsider the court's order denying Defendants'

19   motion for summary judgment on the intentional infliction of emotional distress claim with

20   respect to the individual defendants. Plaintiff opposes the motion.

21

22                                  **I. History**

23         The facts of the case are familiar to all parties.  The court refers to the detailed history set

24   forth in the August 1, 2007 Order. Doc. 105.  That order granted summary judgment for

25   Defendants on the retaliation claim and denied summary judgment for Defendants on the race

26   discrimination and intentional infliction of emotional distress ("IIED") claims.  Plaintiff's

27   discrimination claim was understood to be against Defendant CSUB only; a racial discrimination

28   claim will lie against an employer only, not against supervisory employees.  Defendants now

                                          **1**

1  seeks reconsideration, arguing that summary judgment should be granted on the IIED claims in

2  favor of Defendants George, Hendrickson, and Murie. Doc. 106.  Defendants do not seek

3  reconsideration of the IIED ruling with respect to Defendant CSUB.  Plaintiff opposes the

4  motion.  The court asked for additional briefing, which was provided by both parties.  The matter

5  was then taken under submission.

6

7  **II. Legal Standards**

8      Under Fed. R. Civ. Proc. 59(e), any motion to alter or amend judgment shall be filed no

9  later than ten days after entry of judgment.  A motion for reconsideration of summary judgment

10 is appropriately brought under Rule 59(e)." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.

11 1985).  "Although Rule 59(e) permits a district court to reconsider and amend a previous order,

12 the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

13 conservation of judicial resources. Indeed, a motion for reconsideration should not be granted,

14 absent highly unusual circumstances, unless the district court is presented with newly discovered

15 evidence, committed clear error, or if there is an intervening change in the controlling law. A

16 Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when

17 they could reasonably have been raised earlier in the litigation." Kona Enters. v. Estate of Bishop,

18 229 F.3d 877, 890 (9th Cir. 2000), citations and quotations omitted.

19

20 **III. Discussion**

21     Defendants seek reconsideration of the IIED claim against George, Hendrickson, and

22 Murie.  "Because Plaintiff's discrimination claim cannot be asserted against the individual

23 defendants, neither can her IIED claim." Doc. 162, Part 2, Defendants' Brief, at 3:10-11.  In the

24 original briefing on the summary judgment motion, Defendants did argue "the alleged conduct is

25 not sufficiently 'extreme or outrageous,' beyond that tolerated in a civilized society, to support an

26 IIED claim." Doc. 77, Part 10, Defendants' Brief, at 16:7-8.  The issue of whether supervisor's

27 actions in discriminating against a worker is sufficient to support an IIED claim was implicitly

28 raised in the original summary judgment briefing.

1    In the previous order, the court relied on the California Supreme Court's holding:

2 "Employment discrimination may, of course, result in injury entitling an employee to damages in

3 a civil action under the act. The same conduct, however, may also simultaneously cause

4 additional injury outside the ambit of statutory protection. For example, as alleged in this case, an

5 employer's discriminatory actions may constitute assault and battery or outrageous conduct

6 redressable under a theory of intentional infliction of emotional distress." Rojo v. Kliger, 52 Cal.

7 3d 65, 81 (Cal. 1990), citations omitted.  The defendant in that case was a doctor: a sole

8 practitioner who was simultaneously the employer and supervisor.  The plaintiffs alleged

9 harassment and discrimination.  The California Supreme Court discussed both under the term

10 "discrimination" due to the fact that, "regulations and [Fair Employment and Housing]

11 Commission decisions recognize that sexual harassment is a form of sex discrimination in

12 employment." Rojo v. Kliger, 52 Cal. 3d 65, 73 n.4 (Cal. 1990).

13    In discussing IIED when there is no identity between employer and supervisor, a clearer

14 distinction must be made.  A California Court of Appeal has said,

15        The FEHA prohibits both harassment and discrimination. Case law has generally found
         little reason to distinguish clearly between the type of allegations that support a claim of
16       harassment versus the type of allegations that support a claim of discrimination. The
         Legislature, although clearly indicating an intended distinction between the two different
17       types of conduct by treating them differently in the wording of the FEHA, has not
         provided any express definitions. Based upon the language used by the Legislature, we
18       conclude in part III below that it was the intent of the Legislature to place individual
         supervisory employees at risk of personal liability for personal conduct constituting
19       harassment, but that it was not the intent of the Legislature to place individual supervisory
         employees at risk of personal liability for personnel management decisions later
20       considered to be discriminatory. We conclude that the Legislature's differential treatment
         of  harassment and discrimination is based on the fundamental distinction between
21       harassment as a type of conduct not necessary to a supervisor's job performance, and
         business or personnel management decisions--which might later be considered
22       discriminatory--as inherently necessary to performance of a supervisor's job. As a
         foundational step in our analysis, therefore, we distinguish harassment from
23       discrimination.

24 Janken v. Gm Hughes Electronics, 46 Cal. App. 4th 55, 62-3 (Cal. Ct. App. 1996).  Based on the

25 distinction, the court concluded,

26       The allegations in the complaint here fail to plead facts which, if true, could legally
         constitute harassment. All the actions alleged here are within the realm of properly
27       delegated personnel management authority. The personnel management actions alleged
         here would be unlawful only if motivated by prohibited discriminatory considerations.
28       This alleged conduct, if first proven true and if then proven motivated by prohibited

1   considerations, would constitute discrimination, not harassment. Since we have
    concluded that only employers--and not individual supervisory employees--are at risk of
2   liability for discrimination, and since only discrimination is alleged here, the trial court
    was correct in dismissing the individual supervisory employees. The intentional infliction
3   of emotional distress claim fails for similar reasons. An essential element of such a claim
    is a pleading of outrageous conduct beyond the bounds of human decency. Managing
4   personnel is not outrageous conduct beyond the bounds of human decency, but rather
    conduct essential to the welfare and prosperity of society. A simple pleading of personnel
5   management activity is insufficient to support a claim of intentional infliction of
    emotional distress, even if improper motivation is alleged. If personnel management
6   decisions are improperly motivated, the remedy is a suit against the employer for
    discrimination.

7

8   Janken v. Gm Hughes Electronics, 46 Cal. App. 4th 55, 79-80 (Cal. Ct. App. 1996).  Janken's

9   holding that discrimination without harassment can not subject supervisory employees to an IIED

10  claim has been cited by several federal courts. See, e.g., Kopelk v. Nestle Waters N. Am., Inc.,

11  2007 U.S. App. LEXIS 8479, *2 (9th Cir. 2007) (in age discrimination case, "wrongful

12  termination is not sufficiently extreme or outrageous to make out [an IIED] claim"); Howard v.

13  AMTRAK, 2007 U.S. Dist. LEXIS 34478, *34-35 (N.D. Cal. 2007) (in race discrimination

14  wrongful termination case, "defendants' actions, even to the extent that they might be considered

15  discriminatory, are not sufficient to allow recovery for intentional infliction of emotional

16  distress"); Belliveau v. Thomson Fin., Inc., 2006 U.S. Dist. LEXIS 88233, *8 (E.D. Cal. 2006);

17  Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) ("Terminating an

18  employee for improper or discriminatory reasons, like many other adverse personnel

19  management decisions, is insufficiently extreme or outrageous to give rise to a claim for

20  intentional infliction of emotional distress").

21      In this case, Barefield argues "the individually named Defendants collectively worked

22  together to ensure that Barefield did not receive the Director of Student Activities position. The

23  conduct that the Defendants engaged in was avoidable and unnecessary to job performance.

24  Specifically, the Defendants worked together to reclassify the Director of Student Activities

25  position to ensure Plaintiff would not be able to reapply for the position." Doc. 114, Barefield's

26  Supplemental Brief, at 2:13-19, citation omitted.  The referenced actions may constitute job

27  discrimination, but not harassment.  Defining the qualifications and duties of a position is

28  "inherently necessary to performance of a supervisor's job" in contrast to harassment, which

1  "includes, but is not limited to, verbal epithets or derogatory comments, physical interference

2  with freedom of movement, derogatory posters or cartoons, and unwanted sexual advances."

3  Janken v. Gm Hughes Electronics, 46 Cal. App. 4th 55, 63 (Cal. Ct. App. 1996).  The IIED

4  claims against George, Hendrickson, and Murie must fail as a matter of law.

5      As IIED was the only remaining cause of action against those defendants, the case now

6  moves forward with CSUB as the sole defendant.  The IIED claim against CSUB survives since

7  "a claim for IIED [against the employer] is possible even if the alleged wrongdoing by the

8  employer consists only of personnel management activity such as a termination." Jelincic v.

9  Xerox Corp., 2004 U.S. Dist. LEXIS 20523, *19-20 (N.D. Cal. 2004).

10

11                              **IV. Conclusion**

12      Defendants' motion for reconsideration is GRANTED.  James George's, Dianne

13  Hendrickson's, and Mark Murie's motion for summary judgment on the intentional infliction of

14  emotional distress claim is GRANTED.

15

16  IT IS SO ORDERED.

17  **Dated:    November 1, 2007**                    **/s/ Anthony W. Ishii**
                                        UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28